IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| BUCK DANIEL MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | 3: 11-cv-00320-JO |
| | ) | |
| v. | ) | |
| | ) | |
| ODOC's BEHAVIORIAL HEALTH | ) | ORDER TO DISMISS |
| SERVICES, DR. RUTHVEN, DR. | ) | |
| McCARTHY, PHIL ENGLEMAN, | ) | |
| CLAUDIA FISHER RODRIGUEZ, | ) | |
| R.N. PICURING, NP CARLA | ) | |
| THOMAS, LT. VORRAL and | ) | |
| COUNSELOR WACK, | ) | |
| | ) | |
| Defendants. | ) | |

JONES, District Judge.

In an Order [61] dated May 2, 2012, the Court advised plaintiff that if he did not submit his own evidence in opposition to defendants' motion to dismiss for failure to exhaust administrative remedies, and evidence supporting defendants'

1 - ORDER TO DISMISS

motion established that he had failed to exhaust these remedies, the Court would grant defendants' Motion and his case would be dismissed. The Court gave plaintiff 30 days from the date of its Order to submit evidence in response the defendants' motion to dismiss for failure to exhaust administrative remedies.

In response, plaintiff filed a Motion to Stay Dismissal on the grounds of his "disability right to sue when [he has] evidence" and his "right as a long term S.S.D.I. diagnosed disabled American to bring suit without exhausting the whole grievance process." Moreover, plaintiff insists that he sent the Court copies of "a lot of grievances and appeals" related to his claims and that due to his long term disability he has the right to sue without first exhausting the grievance process. Motion to Stay Dismissal [64].

Defendants acknowledge that plaintiff filed numerous grievances related to the adequacy of his mental health care, as well as, a grievance related prison staff's handling of a conflict plaintiff had with another inmate. Nevertheless, defendants maintain plaintiff failed to properly *complete* the grievance process for any issue raised in his Complaint. Memorandum in Support [54] at 4. In addition, defendants submit several sworn declarations detailing plaintiff's efforts and failure to fully exhaust available administrative remedies related to these claims. See Declarations [55] through [58].

2 - ORDER TO DISMISS

Significantly, plaintiff provides no support, and the Court finds none, for his assertion that as a disabled American he is exempt from the Prison Litigation Reform Act of 1995's ("PLRA") exhaustion requirement. To the contrary, the exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001). Finally, exhaustion of administrative remedies is a prerequisite under the PLRA even when a sick or disabled inmate brings an action under the Americans with Disabilities Act or the Rehabilitation Act. O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062 (9th Cir. 2007).

Accordingly, defendants' Unenumerated Rule 12(B) Motion to Dismiss is granted and this action is dismissed without prejudice.

## CONCLUSION

Based on the foregoing, the Court GRANTS defendants' Unenumerated Rule 12(B) Motion to Dismiss [53] and DISMISSES this action without prejudice. The Court certifies, pursuant to 28

///

///

///

3 - ORDER TO DISMISS

U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

    IT IS SO ORDERED.

    DATED this __25th__ day of June, 2012.

                                   __s/ Robert E. Jones__
                                     Robert E. Jones
                                     United States District Judge